UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

---

STEPHEN SAMPLES

        Plaintiff,

v.   Civil Action No.

SEATTLE SERVICE BUREAU, INC.
DBA NATIONAL SERVICE BUREAU

        Defendant.

---

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiff, Stephen Samples ("Plaintiff"), is a natural person who at all relevant times resided in the State of Tennessee, County of Rutherford, and

City of Smyrna.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Seattle Service Bureau, Inc. dba National Service Bureau ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Defendant, via its agent or employee "Willie Brown," placed a telephone call to Plaintiff's cellular telephone on September 10, 2010 @ 12:22 P.M. in connection with the collection of an alleged debt, and at such time, left Plaintiff a voicemail message in which Defendant failed to meaningfully disclose its true business or corporate name, and further failed to notify Plaintiff that such communication was from a debt collector.  (15 U.S.C. §§ 1692d(6), 1692e(11)).

14. Defendant, via its agent or employee "Willie Brown," placed a telephone call to Plaintiff's home telephone on September 23, 2010 @ 11:28 A.M. in connection with the collection of an alleged debt, and at such time, left Plaintiff a voicemail message in which Defendant failed to meaningfully disclose its true business or corporate name, and further failed to notify Plaintiff that such communication was from a debt collector.  (15 U.S.C. §§ 1692d(6), 1692e(11)).

15. Defendant placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system. (47 U.S.C. 227(b)(1)(A)(iii)).

16. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19. Plaintiff repeats and re-alleges each and every allegation contained above.

20. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 10, 2010

Respectfully submitted,

Stephen Samples

By: /s/Craig Ehrlich
Craig Ehrlich
Attorney for Plaintiff
Weisberg & Meyers, LLC
5722 S. Flamingo Road, #656
Cooper City, FL 33330
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: CEhrlich@AttorneysForConsumers.com

-6-

*Please send correspondence to the address below*

    Craig Ehrlich
    Weisberg & Meyers, LLC
    Attorneys for Plaintiff
    5025 N. Central Ave. #602
    Phoenix, AZ 85012